

**U.S. Department of Justice**

United States Attorney
District of Maryland
Northern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 JAN -3 P 1:19

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney<br><br>P. Michael Cunningham<br>Assistant United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4884<br>MAIN: 410-209-4800<br>FAX: 410-962-3091<br>TTY/TDD: 410-962-4462<br>michael.cunningham@usdoj.gov |

November 28, 2011

<u>Via email and hardcopy</u>

Joseph L. Evans, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street, Tower II, Suite 1100
Baltimore, Maryland 21201

    Re:    <u>United States v. Richard Breeden</u>
           <u>Criminal # RDB-11-0535 (Rule 20 Transfer from WDTX)</u>

Dear Mr. Evans:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on December 8, 2011, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

      1.    The Defendant agrees to plead guilty to Count One of the Indictment charging him with Distribution of Child Pornography, in violation of 18 U.S.C. §§2252(a)(2) and (b). Pursuant to Federal Rule of Criminal Procedure Rule 20, the Defendant wishes to plead guilty in the District of Maryland and to waive trial in the Western District of Texas where the Indictment is pending. The Defendant admits that he is, in fact, guilty of the offense charged in Count One of the Indictment and will so advise the Court.

Elements of the Offense

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a. The Defendant knowingly distributed a visual depiction;

b. The depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

~~c.     Producing the visual depiction involved using a minor engaged in sexually explicit conduct;~~ *[initials]*

d. The depiction is of a minor engaged in sexually explicit conduct; and

e. The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

### Penalties

3. a. The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not more than life and a fine of up to $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

b. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

2

     a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

     b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

     c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

     d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

     e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

     f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

     g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

     h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts and to applicable sentencing guidelines factors:

  a. Statement of Facts

The defendant, Richard Allen Breeden, born 1970, is a resident of Millersville, Maryland. Until July, 2011, he was employed by AICHI, an aerial work platform rental company, at its facility in Glen Burnie, Maryland.

On April 8, 2011, a Somervell County Texas sheriff, acting in an undercover capacity, used a computer connected to the Internet and accessed a publicly available website chat room labeled "Jailbait" on www.motherless.com. He received an instant message from the individual using the screen name "BigaPerv123," with whom he had a chat and received a close-up photograph of a shaved vagina.

Later that day the officer signed onto his undercover Yahoo Messenger account and began to chat with the individual who was using Yahoo Messenger screen name "notimportant1233." The individual using the screen name "notimportant1233" sent a "Friend Invitation" on Yahoo Messenger to the officer who added the individual to his friends list. The individual's screen name then changed from "notimportant1233" to "Jack Black."

On May 2, 2011, the officer signed into his undercover Yahoo Messenger account and observed the individual using "Jack Black" to be online. He received an instant message from the individual using the screen name "Jack Black" who began a chat conversation and sent images to the officer.

The image were reviewed and the first image ending in "68031113.jpg" was found to depict a young female who appears to be under the age of eighteen sitting completely nude and with her legs spread displaying her genitals. The second image, ending in "0010472068.jpg" depicts a young female who appears to be under the age of eighteen with what appears to be ejaculation on her face and what appears to be the head of a penis close to her chin.

On April 8, 2011 and May 20, 2011, using the "Who is" feature to identify the IP address of the individual's internet connection, the officer determined that the sender's IP address was 71.166.40.46. That IP address was managed by Verizon Internet Services, which provided records that showed the IP address 71.166.40.46 during the time when The officer engaged in internet chat with the individual using the screen name "BigaPerv123" was assigned to: RICK BREEDEN, 150 Penrod Court Suit A, Glen Burnie, Maryland, with an email address: rbreeden@aichiusa.com.

Between May 4, 2011 and June 1, 2011, the Defendant, using the screen names of "BigaPerv123" and "Jack Black" sent the officer 444 images and three (3) videos files from the static IP address 71.166.40.46. A review of the images and videos showed that 140 contained visual depictions of minors engaging in sexually explicit conduct and is child pornography under 18 U.S.C. § 2256(8) while at least 70 images were considered child erotica. One image, named "_hr_HLY+14," contained a partially nude prepubescent female with the focal point as her genital area. An image, named "2pt9xdv"contained a nude prepubescent female displaying her genitalia while tied to the posts of a bed. One image, named "tori07" displayed the vaginal digital penetration of a prepubescent partially clothed female by another person. An imaged, named "3 incest rape daughter young preteen Lolita cherry pop" contained a nude adult female observing a nude prepubescent female performing oral sex on a nude adult male.

. On May 31, 2011, the Defendant, using the screen name "Jack Black" sent one (1) link to a pornographic video file and transmitted a web cam of an adult male masturbating to the officer. The web camera appeared to be placed under the Defendant's desk. The Defendant told the officer that he chats on the Internet while he is working and that he is a supervisor. On May 31, 2011, while the Defendant was masturbating via a live web camera located under his desk, the officer observed the company logo of for AICHI in the background which was, in fact, where the Defendant was a supervisory employee.

        b.     Guideline Calculation

        (i)     The base offense level is twenty-two (22) pursuant to U.S.S.G. §2G2.2(a)(2).

        (ii)    Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

        (iii)   Pursuant to U.S.S.G. §2G2.2(b)(3)(F), there is a two (2) level increase because the offense involved distribution.

        (iv)   Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the distribution involved the use of a computer.

        (v)    Pursuant to U.S.S.G. §2G2.2(b)(7)(B), the number of images

~~exceeds $200~~, so ~~four~~ (4) levels are added. [handwritten: "did not 150 two(2)"] [initials: RC, AV]

      (vi) This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated base offense level is ~~29~~ [handwritten: 27]. [initials: RC, AV]

    7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

    8. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

<u>Obligations of the United States Attorney's Office</u>

    9. At the time of sentencing, the United States Attorney's Office will recommend a sentence within the applicable guideline range, plus a lifetime period of supervised release.

    10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

<u>Waiver of Appeal</u>

    11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

      a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the U.S.S.G. range provided for at a base offense level 29, taking into consideration the Defendant's Criminal History Category; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the statutory, mandatory minimum sentence of 60 months incarceration.

c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

12.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

13.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the

Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Forfeiture

14. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on place of employment on or about July 21, 2011.

## Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
P. Michael Cunningham
Assistant United States Attorney

8

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.
↳ except as noted

12/12/11
Date

_____
Richard Breeden

I am Mr. Breeden's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.
↳ except as noted.

12/12/11
Date

_____
Joseph L. Evans, Esq.

9